UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED

2019 APR -2 P 4: 30

STEPHEN C. DRIES
CLERK

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 18-CR-234

CHE L. SIMONS, a/k/a "CHE L. SIMMONS,"
SEQUOIA D. SOUTHERLAND,
MACKEL H. W. GAITHER,
HENRY L. WILDER,
FRED P. ALLEN, a/k/a "TIMOTHY B. GLASS, JR.,"
KEITH D. DAVIDSON,
DESHAWN D. MOBLEY,
DAVON D. USHER, and
ROBERT S. MORRISEY, JR.,

[18 U.S.C. §§ 1344, 1028A, and 2]

**Green Bay Division**

19-1251M

Defendants.

## SUPERSEDING INDICTMENT

### COUNTS ONE - FIVE
(Financial Institution Fraud)

**THE GRAND JURY CHARGES:**

1. Beginning on or about July 20, 2018, and continuing until on or about October 17, 2018, in the State and Eastern District of Wisconsin and elsewhere,

**CHE L. SIMONS, a/k/a "CHE L. SIMMONS,"
SEQUOIA D. SOUTHERLAND,
MACKEL H. W. GAITHER,
HENRY L. WILDER,
FRED P. ALLEN, a/k/a "TIMOTHY B. GLASS, JR.,"
KEITH D. DAVIDSON,
DESHAWN D. MOBLEY,
DAVON D. USHER, and
ROBERT S. MORRISEY, JR.**

1

devised and carried out a scheme to defraud federally insured financial institutions and to obtain money from such financial institutions by means of material false and fraudulent pretenses and representations.

2. At all times material, the deposits of the following financial institutions were insured by the federal government through either the Federal Deposit Insurance Corporation ("FDIC") or the National Credit Union Administration ("NCUA"):

  a. Nicolet National Bank, Green Bay, Wisconsin (FDIC);

  b. Capital Credit Union, Green Bay, Wisconsin (NCUA);

  c. Associated Bank, Green Bay, Wisconsin (FDIC);

  d. Stephenson National Bank and Trust, Marinette, Wisconsin (FDIC);

  e. Fox Communities Credit Union, Appleton, Wisconsin (NCUA);

  f. U.S. Bank, Minneapolis, Minnesota (FDIC);

  g. Johnson Bank, Racine, Wisconsin (FDIC); and

  h. Prospera Credit Union, Appleton, Wisconsin (NCUA).

### The Scheme

3. The defendants' scheme to defraud and to obtain money by means of material false and fraudulent pretenses and representations (the "scheme") was essentially as follows:

  a. The above-named defendants travelled by automobile from North Carolina throughout the United States, including to the Eastern District of Wisconsin, for the purpose of carrying out their scheme. The defendants typically drove in pairs to various cities, including Green Bay, Wisconsin.

b. Once they arrived at their target location, some of the defendants would locate mailboxes belonging to local businesses and steal mail, which frequently contained business checks.

c. After stealing the business checks, the defendants sent photographs of the checks to defendant Mobley, who possessed a laptop, printer, software, and specialized paper, for the purpose of producing counterfeit versions of the business checks.

d. At the same time, other defendants recruited local individuals who possessed a valid form of government issued identification such as a driver's license or state identification card. The defendants typically approached individuals at homeless shelters, state probation and parole offices, Salvation Army rehabilitation centers, and bus stations. The defendants offered these individuals, who the defendants referred to as "bussers," money (typically $100-$200) to cash counterfeit business checks at local financial institutions.

e. After recruiting a busser, the defendants sent an image of the busser's identification card to Mobley, who placed the busser's name on a counterfeit check as the payee.

f. Mobley then distributed the counterfeit checks to other defendants, who transported the bussers to financial institutions, including the ones listed above, to cash the checks.

  g. The defendants instructed the bussers how to cash the checks, provided them with a story to relay to the teller if questioned, and trained them to grab the check and leave if the teller attempted to verify the check.

  h. While a busser attempted to cash a counterfeit check, two defendants would park in a lot adjacent to the financial institution, out of the view of any bank surveillance cameras. One defendant watched the busser attempt to make the financial transaction, while the other acted as a look-out for any law enforcement presence. After successfully cashing a check, the busser would return to the defendants' vehicle, provide the fraudulently obtained funds to the defendants, who would then distribute the proceeds to the other defendants.

4. As a result of this scheme, the above-named defendants fraudulently obtained or attempted to obtain more than $120,000 from the victims of their fraud, including the federally insured financial institutions listed above.

### Executions of Scheme

5. On or about the indicated dates, in the state and Eastern District of Wisconsin,

CHE L. SIMONS, a/k/a "CHE L. SIMMONS,"
SEQUOIA D. SOUTHERLAND,
MACKEL H. W. GAITHER,
HENRY L. WILDER,
FRED P. ALLEN, a/k/a "TIMOTHY B. GLASS, JR.,"
KEITH D. DAVIDSON,
DESHAWN D. MOBLEY,
DAVON D. USHER, and
ROBERT S. MORRISEY, JR.

4

knowingly, and with intent to defraud, executed and attempted to execute their scheme by presenting and attempting to negotiate the described fraudulent check at the indicated financial institution:

| Count | Date | Description of Transaction |
|---|---|---|
| One | July 23, 2018 | Check number 36661 presented to Associated Bank in the amount of $2,181.39. |
| Two | July 23, 2018 | Check number 9204 presented to Capital Credit Union in the amount of $1,986.77. |
| Three | August 22, 2018 | Check number 19097 presented to Stephenson National Bank and Trust in the amount of $2,161.21. |
| Four | August 26, 2018 | Check number 15337 presented to U.S. Bank in the amount of $1,780.50. |
| Five | October 16, 2018 | Check number 16226 presented to Johnson Bank in the amount of $2,571.10. |

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT SIX
(Aggravated Identity Theft)

THE GRAND JURY FURTHER CHARGES THAT:

On July 23, 2018, in the State and Eastern District of Wisconsin,

**CHE L. SIMONS, a/k/a "CHE L. SIMMONS,"
SEQUOIA D. SOUTHERLAND,
MACKEL H. W. GAITHER,
HENRY L. WILDER,
FRED P. ALLEN, a/k/a "TIMOTHY B. GLASS, JR.,"
KEITH D. DAVIDSON, and
DESHAWN D. MOBLEY**

did knowingly use, without lawful authority, a means of identification of another person, J.J., during and in relation to a violation of Title 18, United States Code, Section 1344, by using another person's name and signature to effectuate a scheme to defraud, as charged in Count Two above.

In violation of Title 18, United States Code, Sections 1028A and 2.

6

## COUNT SEVEN
(Aggravated Identity Theft)

**THE GRAND JURY FURTHER CHARGES THAT:**

On August 26, 2018, in the State and Eastern District of Wisconsin,

> CHE L. SIMONS, a/k/a "CHE L. SIMMONS,"
> SEQUOIA D. SOUTHERLAND,
> MACKEL H. W. GAITHER,
> HENRY L. WILDER,
> FRED P. ALLEN, a/k/a "TIMOTHY B. GLASS, JR.,"
> KEITH D. DAVIDSON, and
> DESHAWN D. MOBLEY

did knowingly use, without lawful authority, a means of identification of another person, M.G., during and in relation to a violation of Title 18, United States Code, Section 1344, by using another person's name and signature to effectuate a scheme to defraud, as charged in Count Four above.

In violation of Title 18, United States Code, Sections 1028A and 2.

7

## COUNT EIGHT
(Aggravated Identity Theft)

THE GRAND JURY FURTHER CHARGES THAT:

On August 22, 2018, in the State and Eastern District of Wisconsin,

**DAVON D. USHER, and
ROBERT S. MORRISEY, JR.**

did knowingly use, without lawful authority, a means of identification of another person, J.T., during and in relation to a violation of Title 18, United States Code, Section 1344, by using another person's name and signature to effectuate a scheme to defraud, as charged in Count Three above.

In violation of Title 18, United States Code, Sections 1028A and 2.

## Forfeiture Notice

1.  Upon conviction of the offense in violation of Title 18, United States Code, Section 1344, set forth in Counts One through Five of this Indictment, the Defendants, Che L. Simons, a/k/a "Che L. Simmons," Sequoia D. Southerland, Mackel H. W. Gaither, Henry L. Wilder, Fred P. Allen, Keith D. Davidson, Deshawn D. Mobley, Davon D. Usher, and Robert S. Morrisey Jr. shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations. The property to be forfeited includes, but is not limited to, the following:

    a.  A sum of money equal to the proceeds derived from the offense.

2.  If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL:

FOREPERSON

Dated: 4/2/19

MATTHEW D. KRUEGER
United States Attorney